**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**WDC MIAMI INC. d/b/a WARREN DEL CARIBE,**

**Plaintiffs,**

**v.**

**NR ELECTRICAL, INC. and NEIL RUAN,**

**Defendants.**

**Civil Action No. 2013-048**

**Attorney:**
**Kevin A. Rames, Esq.,**
St. Croix, U.S.V.I.
*For the Plaintiff*

# MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment," filed by WDC Miami, Inc. d/b/a Warren del Caribe ("Plaintiff" or "WDC"). (Dkt. No. 8). For the reasons that follow, the Court finds that Plaintiff has satisfied the prerequisites for a Default Judgment. Accordingly, the Court will grant Plaintiff's Motion and enter default judgment against NR Electrical, Inc. and Neil Ruan ("Defendants").

## I. BACKGROUND

Plaintiff filed the instant "Action on Promissory Note" against Defendants in May 2013. (Compl., Dkt. No. 1). Plaintiff alleges that, on July 17, 2012, Defendant NR Electrical, Inc. ("NR") borrowed $78,763.21 from WDC. *Id.* ¶ 7. On that same day, NR and Neil Ruan, the President, principal, and a corporate officer of NR, entered into a Promissory Note (the "Note")

in the amount of $78,763.21 in favor of WDC. *Id.* ¶¶ 6, 8. The Note was collateralized by a UCC-1 lien on inventory including an Eaton Transformer, Solar Panels, and Electrical Poles. *Id.* ¶ 8. The Complaint further alleges that Ruan, a party to the Note, agreed to act under the terms of the Note as a personal guarantor for the sum due from NR to WDC. *Id.* ¶ 10. The Note provided that NR and Ruan were required to make consecutive monthly payments of $2,500.00 beginning August 2012 until the sum was paid in full. *Id.* ¶ 12. Plaintiff asserts that NR and Ruan defaulted on their obligations under the Note, as they failed to pay the monthly installments due, and seeks judgment in the full amount due and owing, in addition to costs and reasonable attorney's fees. *Id.* ¶¶ 13, 14.

Defendants were served with process on May 29 and 31, 2013 (Dkt. Nos. 4, 5), but have not filed an Answer or any other responsive pleading in this action.

On July 9, 2013, Plaintiff filed an Application for Entry of Default against both Defendants (Dkt. No. 6), which the Clerk of Court granted on July 12, 2013. (Dkt. No. 7).

On July 23, 2013, Plaintiff filed its Motion for Default Judgment. (Dkt. No. 8). The Motion was accompanied by an Affidavit by Juan Riera, Plaintiff's Manager. (Dkt. No. 8-1). In his Affidavit, Mr. Riera averred that Plaintiff received only partial payment for the electrical components it sold to NR. *Id.* ¶ 4. Mr. Riera attached two invoices from Plaintiff to Defendants: Invoice, No. 335191, dated April 11, 2011, in the amount of $61,650.79; and Invoice, No. 326303, dated January 21, 2011, in the amount of $16,809.90. *Id.*; Dkt. No. 8-1 at 6, 8. Mr. Riera asserted that the Terms and Conditions of Sale (Dkt. No. 8-1 at 10) provided for payment on "thirty (30) days net, with interest thereafter equal to the maximum interest charge permitted to be charged by the law[.]" *Id.* ¶ 5. Mr. Riera further asserted that, on July 17, 2012, after default, Defendants

> entered into a Promissory Note and Personal Guarantee for the benefit of the Plaintiff. . . which provided that the then-outstanding balance was an agreed-upon figure of $78,763.61, that Defendants would make an initial payment of $5,000.00 on [July] 26, 2012, and would make periodic monthly payment[s] of $2,500.00 on the 26th day of each and every month until paid in full.

*Id.* ¶ 6. Although he was indicated as a "Borrower," along with NR, and thus obligated to pay the sum due under the Note, Ruan also agreed "that until the principal and interest owed under this promissory note are paid in full, $17,112.42 of this note will be personally guaranteed by [him]." *Id.* ¶ 8; Dkt. No. 8-1 at 12. Mr. Riera stated that Defendants made the initial $5,000.00 payment and four installment payments of $2,500.00, but no payments after December 2012. *Id.* ¶ 9. The Note provided that a twenty percent interest rate penalty on the outstanding balance would be applied if Defendants defaulted under the Note. *Id.* ¶ 7.

Mr. Riera then calculated the amount due and owing Plaintiff as of February 1, 2013: (1) outstanding principal balance of $63,763.61 ($78,763.61 - $15,000.00 paid by Defendants); (2) twenty percent penalty on the outstanding balance of $12,752.72; and (3) twelve percent interest on the principal from February 1, 2013 until the debt is paid in full, or $20.96 per diem ($63,763.61 x. 0.12/365), resulting in accrued interest of $3,353.60 through July 10, 2013. *Id.* ¶¶ 10-13. Based on these figures, Plaintiff alleged that the total outstanding balance due was $79,869.93, plus interest at $20.96 per diem from July 10, 2013 until paid in full. *Id.* ¶ 14.

Mr. Riera also attached as an exhibit to his Affidavit a Statement for Services Rendered from Plaintiff's attorney, Kevin A. Rames, P.C. Counsel spent 7.70 hours through July 9, 2013 on this matter. Attorney's fees totaled $2,502.50. (Dkt. No. 8-1 at 15). Costs, consisting of filing fees, the wire fee on retainer, and service of process, totaled $560.00. *Id.* at 16. Attorney's fees and costs totaled $3,062.50. *Id.*

On October 22, 2013, Plaintiff filed a "Supplemental Affidavit in Support of Motion for Judgment by Default." (Dkt. No. 9). In this filing, Attorney Rames affirmed that, based on his personal acquaintance with Neil Ruan, and "having attended meetings with him on complex business matters in which he fully participated," Mr. Ruan was neither a minor nor an incompetent person. *Id.* ¶ 6. Attorney Rames also attached a Status Report pursuant to Servicemembers Civil Relief Act from the Department of Defense Manpower Data Center showing that Mr. Ruan was not on active duty with the United States Military. (Dkt. 9 at 4-5).

## II. DISCUSSION

### A. Applicable Legal Principles

In an application for an entry of default judgment, '"the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment."' *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an

> affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah*, 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio*, 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

Plaintiffs' seek both default judgment on the Note, as well as attorney's fees and costs. The Court will address each issue in turn.

**B. Default Judgment**

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendants. It has shown that: (1) default was entered against Defendants by the Clerk of Court (Dkt. No. 7); (2) Defendants have not appeared; (3) Defendant Ruan is neither an infant nor an incompetent person (Dkt. No. 9 ¶ 6); and (4) Defendants were validly served with process. (Dkt. Nos. 4, 5). In addition, Plaintiff provided a copy of a Military Status Report from the Department of Defense Manpower Data Center showing that Neil Ruan is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 9 at 4-5). Plaintiff has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 8-1, ¶¶ 10-14). Accordingly, the Court will award judgment for Plaintiff in the principal amount of $63,763.71, plus a penalty in the amount of $12,752.72, plus accrued

interest through July 10, 2013, for a total amount due of $79,869.93, plus interest at $20.96 per diem from July 11, 2013 until paid in full.

The Court has also considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Defendants' breach of their obligations under the Promissory Note and Personal Guaranty, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendants' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

**C. Attorney's Fees and Costs**

With regard to an award of attorney's fees incurred in prosecuting a case to default judgment, Title 5 of the Virgin Islands Code, Section 541(b) governs the question in the Virgin Islands. The statute provides: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). Under the express terms of the Note in the instant case, Plaintiff is to recover "attorney's fees in an amount the court finds to be reasonable" if it prevails in a lawsuit to collect on the Note. (Dkt. No. 8-1 at 12, ¶ h).

The Court will look to case law interpreting 5 V.I.C. § 541(b) to determine whether the attorney's fees sought are reasonable. "To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary

charges [of the bar] for similar services, benefits obtained from the service, and the certainty of compensation." *Staples v. Ruyter Bay & Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (internal citations omitted). In determining the initial valuation of an attorney's services under § 541, courts are instructed to apply the lodestar method by considering the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *In re Kool, Mann, Coffee & Co.*, 2007 WL 1202888, at *4 (Bankr. D.V.I. Apr. 17, 2007) (assessing attorney's fees under § 541) (citing *Jo-Ann's Launder Ctr., Inc. v. Chase Manhattan Bank, N.A.*, 1995 WL 78299, at *5 (Feb. 9, 1995) and *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969) (applying § 541)).

Based on this case law, as well as Third Circuit case law assessing the reasonableness of attorney's fees, the Court undertakes a two-step inquiry. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (internal quotation marks omitted); *L & J Crew Station, LLC v. Banco Popular de Puerto Rico*, 2004 WL 2538500, at *2 (D.V.I. Nov. 9, 2004). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community '"for similar services by lawyers of reasonably comparable skill, experience, and reputation."' *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)); *see also*; *Kool, Mann, Coffee & Co.*, 2007 WL 1202888, at *4; *L & J Crew Station, LLC*, 2004 WL 2538500, at *2.

Plaintiffs were billed 7.70 hours for legal work including telephone conferences, document review, settlement discussions, and drafting of Plaintiff's various filings. The Court

finds the 7.70 hours billed to be reasonably expended and not excessive in light of the procedural posture of the case.

With regard to the rate charged, the Statement for Services Rendered does not set forth the hourly rate for Plaintiff's attorney. However, the Court is able to calculate the rate at $325.00 per hour based on the information provided. Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour" depending on the experience of the attorney performing the work. *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing additional cases). Plaintiff's counsel has provided no justification for his $325.00 per hour rate. Because counsel has provided no justification for an hourly rate above the $300.00 per hour rate that has been generally deemed to be the maximum reasonable rate in this jurisdiction, the Court will award fees at a rate of $300.00 per hour. The Court will therefore enter judgment in the amount of $2,310.00 for 7.70 hours of work.

With regard to costs, under the terms of the Note, Defendants "agree[d] to pay [Plaintiff's] court costs" in an amount the Court finds reasonable. (Dkt. No. 8-1 at 12, ¶ h). Plaintiffs seek reimbursement of $560.00 for the following costs: filing fees for the Complaint, wire fee on retainer, and service of process. (Dkt. No. 8-1 at 16). The Court finds these costs to be reasonable given that Plaintiff was required to incur them in order to properly prosecute its lawsuit. The Court—pursuant to the plain language of the Note—will therefore award costs in the amount of $560.00.

## III. CONCLUSION

Plaintiff has satisfied the requirements necessary for entry of a default judgment against NR Electrical, Inc. and Neil Ruan. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 8) will be granted. Plaintiff shall recover the principal balance in the amount of $63,763.71,

plus a penalty in the amount of $12,752.72, plus accrued interest of $3,353.60 through July 10, 2013, for a total amount due of $79,869.93, plus interest at $20.96 per diem on the principal balance from July 11, 2013 until the sum is paid in full. Plaintiff shall recover $17,112.42 of the aforementioned principal balance from Defendant Ruan in his personal capacity based on Ruan's Personal Guaranty of that sum. In addition, the Court has determined that attorney's fees in the amount of $2,310.00 and costs in the amount of $560.00, totaling $2,870.00 through July 9, 2013 were reasonably expended and will be awarded.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: January 8, 2015

________/s/_______
WILMA A. LEWIS
Chief Judge